IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV294-01-MU

| | |
|---|---|
| FRANK MOORE, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>BUNCOMBE COUNTY, et al., )<br>)<br>    Defendants. )<br>_____)  | **O R D E R** |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed September 2, 2005.

In his Complaint Plaintiff asserts that Defendants denied him "access to court-ordered impeachment material which resulted in his receipt of a life sentence in prison" beginning April 30, 1992. For relief, Plaintiff seeks to have this Court issue an injunction ordering Defendants to file with this Court a complete copy of Clara Hamlin's Memorial Mission Hospital medical records and the complete copy of some recorded investigation reports. In addition, Plaintiff seeks all court costs and attorney fees.

Plaintiff's Complaint fails for at least two reasons. First, Plaintiff's Complaint is untimely. Because there is no federal statute of limitations for § 1983 actions, the state statute governing personal injury is applied. Wilson v. Garcia, 471 U.S. 261 (1985). In North Carolina a three year statute of limitations applies to any personal injury not covered by another limitation. N.C. Gen. Stat. § 1-52(5). Consequently, Section 1983 claims arising in North Carolina have a three year

statute of limitations.  National Advertising Co., 947 F.2d 1158, 1161-62 (4th Cir. 1991).  It appears from Plaintiff's Complaint that the actions upon which Plaintiff is basing his lawsuit took place in 1992 - over 13 years ago.   Because over three years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit, his claim is untimely and is dismissed.

In addition, the Court notes that, the Rooker-Feldman doctrine precludes federal review of challenges to state court proceedings except in habeas corpus actions.  See Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997), cert. denied, 522 U.S. 1077 (1998).  The doctrine bars direct review of both issues that were actually decided as well as claims which are "inextricably intertwined" with a state court judgment.  See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997), cert. denied sub nom. Moore v. Cunningham, 524 U.S. 945 (1998).  For this Court to rule on Plaintiff's Brady claim, whether he raised it in state court or not, would necessarily result in this Court reviewing the state court process in a non-habeas context.  Consequently, this Court also lacks jurisdiction to rule on Plaintiff's Brady claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED**.

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge