IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV294-01-MU

| | |
|---|---|
| FRANK MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUNCOMBE COUNTY, et al., )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reconsider and Motion for a Temporary Restraining Order, both filed September 20, 2005.

On September 2, 2005, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 asserting that Defendants denied him "access to court-ordered impeachment material which resulted in his receipt of a life sentence in prison" beginning April 30, 1992. In addition to attorneys fees and court costs, Plaintiff sought to have this Court issue an injunction ordering Defendants to file with this Court a complete copy of Clara Hamlin's Memorial Mission Hospital medical records and the complete copy of some recorded investigation reports.

On September 13, 2005, after conducting an initial review of Plaintiff's Complaint, this Court dismissed his Complaint as untimely and as precluded from review by the Rooker-Feldman doctrine. Plaintiff now contends that this Court was required to construe his § 1983 complaint as a timely filed federal habeas petition.

Contrary to Plaintiff's contention, this Court is under no obligation to construe his clearly

labeled § 1983 complaint as a federal habeas petition. Moreover, it appears to the Court that if Plaintiff elected to file a federal habeas petition with this Court it would be untimely under AEDPA's one year limitation period. See 28 U.S.C. § 2244(d)(1). In addition, it appears that Plaintiff previously filed a federal habeas petition with this Court on April 25, 1997, which was dismissed on March 2, 1998. (1:97CV133). Therefore it is likely that any federal habeas petition filed by Plaintiff would be dismissed as successive. See 28 U.S.C. § 2244(b)(2). Consequently, Plaintiff's Motion to Reconsider is denied.

Finally, Plaintiff has no case currently pending before this Court and as such his Motion for a Temporary Restraining Order is denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Reconsider is **DENIED**; and

2. Plaintiff's Motion for a Temporary Restraining Order is **DENIED**.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge